| | |
|---|---|
| SANTIAGO PRATT,<br><br>               Plaintiff,<br><br>    v.<br><br>KEN CLARK, et al.,<br><br>               Defendants. | Case No.: 1:21-cv-00180-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION**<br><br>(Doc. 6) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Santiago Pratt, an inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. (Doc. 1) For the following reasons, the undersigned magistrate judge finds that Plaintiff has sufficient funds to pay the filing fee and recommends that the Court dismiss this action for failure to comply with this Court's Order to Show Cause and because the allegation of poverty is untrue.

On March 12, 2021, the Court ordered Plaintiff to pay the filing fee or apply to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 5.) Plaintiff filed a motion to proceed *in forma pauperis* in which he indicated that he had no cash, checking or savings accounts, or any other assets. (Doc. 6.) According to the California Department of Corrections and Rehabilitation certified account statement submitted by Plaintiff, he had $9,849.47 in his inmate trust account as of December 9, 2020. (Doc. 2.) The Court found this sufficient to pay the filing fee in full and ordered Plaintiff to show cause, within twenty-one days, why he is entitled to proceed *in forma*

*pauperis* or, alternatively, pay the filing fee in full. (Doc. 7.) The Court cautioned: "<u>Failure to respond to this order may result in a recommendation that this action be dismissed for failure to obey a court order.</u>" *Id.*

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Over twenty-days have passed, and Plaintiff has failed to respond to the order to show cause. Whether he has done so intentionally or mistakenly is inconsequential. Plaintiff bears the responsibility to comply with the Court's orders. The failure to do so prevents his case from advancing on the merits. Additionally, "the court shall dismiss the case at any time if the court determines that . . . the [plaintiff's] allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Upon review of Plaintiff's trust account statement, the Court finds that his allegation of poverty is untrue. Therefore, the Court is statutorily required by to dismiss this case. Based on the foregoing, the Court **RECOMMENDS** that:

1. Plaintiff's motion to proceed *in forma pauperis*, (Doc. 2), be **DENIED**; and,
2. This action be **DISMISSED** without prejudice to refiling upon prepayment of the filing fee.

The Clerk of Court is **DIRECTED** to randomly assign a United States District Judge.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days**

of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 3, 2021**  /s/ **Jennifer L. Thurston**
CHIEF UNITED STATES MAGISTRATE JUDGE